IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT JOHN OLIVER,

        Petitioner,        No. 2:13-cv-50-TLN-EFB P

    vs.

GARY SWARTHOUT,        FINDINGS AND RECOMMENDATIONS

        Respondent.
_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the decision of the California Board of Parole Hearings ("Board") to deny him parole at a parole consideration hearing held on April 13, 2011. Petitioner claims that the Board's 2011 decision was unconstitutional because the reasons provided for denying him parole were arbitrary. Pet. 4.

    Petitioner has paid the filing fee. However, for the reasons explained below, the undersigned finds that petitioner's application for a writ of habeas corpus must be dismissed. *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if, upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the district court").

/////

Petitioner alleges that the Board's decision that petitioner was unsuitable for parole was unconstitutional because the reasons given by the Board for denying him parole were arbitrary and "were not based in fact." Pet. 15-16. Although petitioner phrases his argument in other terms, petitioner is arguing that the Board's decision was not supported by some evidence of his current dangerousness. Under California law, a prisoner is entitled to release unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002). According to the United States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 862 (2011). In other words, a federal court may only review whether a petitioner has received a meaningful opportunity to be heard and a statement of reasons why parole was denied. *Id*. at 862-63 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"). Thus, this court may not review whether the Board correctly applied California's "some evidence" standard. *Id.* at 862.

Petitioner does not allege that he was not afforded constitutionally adequate process as defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a statement of reasons why the Board denied him parole. In fact, petitioner concedes that he received the procedures articulated in *Swarthout* at his parole hearing. *See* Pet. 15 ("I am not contending that the procedures noted above, an opportunity to be heard and a statement of reasons why parole was denied, were not followed."). Petitioner contends, however, that he is entitled to federal habeas relief because the reasons provided were arbitrary. Petitioner is asking the court to decide whether some evidence supported the Board's unsuitability finding, and inquiry that is foreclosed by *Swarthout*. 131 S.Ct. at 862-63. As petitioner received all the process that he was due, he is not entitled to relief on his claim.

2

Based on the foregoing, the undersigned concludes that the petition should be summarily dismissed for failure to state a cognizable claim. There is no basis for concluding that a tenable claim for relief could be pleaded if leave to amend were granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

Accordingly, it is hereby RECOMMENDED that petitioner's application for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: July 30, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3