1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT JOHN OLIVER,

11                      Petitioner,                 No. 2:13-cv-50-TLN-EFB P

12       vs.

13   GARY SWARTHOUT,                              <u>FINDINGS AND RECOMMENDATIONS</u>

14                      Respondent.

15   _____/

16          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to

17   28 U.S.C. § 2254.  He challenges the decision of the California Board of Parole Hearings

18   ("Board") to deny him parole at a parole consideration hearing held on April 13, 2011.

19   Petitioner claims that the Board's 2011 decision was unconstitutional because the reasons

20   provided for denying him parole were arbitrary.  Pet. 4.

21          Petitioner has paid the filing fee.  However, for the reasons explained below, the

22   undersigned finds that petitioner's application for a writ of habeas corpus must be dismissed.

23   *See* Rule 4, Rules Governing § 2254 Cases (requiring summary dismissal of habeas petition if,

24   upon initial review by a judge, it plainly appears "that the petitioner is not entitled to relief in the

25   district court").

26   /////

1

1        Petitioner alleges that the Board's decision that petitioner was unsuitable for parole was

2  unconstitutional because the reasons given by the Board for denying him parole were arbitrary

3  and "were not based in fact." Pet. 15-16.  Although petitioner phrases his argument in other

4  terms, petitioner is arguing that the Board's decision was not supported by some evidence of his

5  current dangerousness.  Under California law, a prisoner is entitled to release unless there is

6  "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal. 4th 1181, 1205-

7  06, 1210 (2008); *In re Rosenkrantz*, 29 Cal. 4th 696, 651-53 (2002).  According to the United

8  States Supreme Court, however, federal habeas review of a parole denial is limited to the narrow

9  question of whether a petitioner has received "fair procedures." *Swarthout v. Cooke*, ___ U.S.

10  ___, 131 S.Ct. 859, 862 (2011).  In other words, a federal court may only review whether a

11  petitioner has received a meaningful opportunity to be heard and a statement of reasons why

12  parole was denied. *Id*. at 862-63 (federal due process satisfied where petitioners were "allowed

13  to speak at their parole hearings and to contest the evidence against them, were afforded access

14  to their records in advance, and were notified as to the reasons why parole was denied").  Thus,

15  this court may not review whether the Board correctly applied California's "some evidence"

16  standard. *Id*. at 862.

17        Petitioner does not allege that he was not afforded constitutionally adequate process as

18  defined in *Swarthout*--that is, that he was denied a meaningful opportunity to be heard or a

19  statement of reasons why the Board denied him parole.  In fact, petitioner concedes that he

20  received the procedures articulated in *Swarthout* at his parole hearing. *See* Pet. 15 ("I am not

21  contending that the procedures noted above, an opportunity to be heard and a statement of

22  reasons why parole was denied, were not followed.").  Petitioner contends, however, that he is

23  entitled to federal habeas relief because the reasons provided were arbitrary.  Petitioner is asking

24  the court to decide whether some evidence supported the Board's unsuitability finding, and

25  inquiry that is foreclosed by *Swarthout*. 131 S.Ct. at 862-63.  As petitioner received all the

26  process that he was due, he is not entitled to relief on his claim.

2

1    Based on the foregoing, the undersigned concludes that the petition should be summarily

2  dismissed for failure to state a cognizable claim.  There is no basis for concluding that a tenable

3  claim for relief could be pleaded if leave to amend were granted.  *See Jarvis v. Nelson*, 440 F.2d

4  13, 14 (9th Cir. 1971) (petition for habeas corpus should not be dismissed without leave to

5  amend unless it appears that no tenable claim for relief can be pleaded were such leave granted).

6    Accordingly, it is hereby RECOMMENDED that petitioner's application for writ of

7  habeas corpus be dismissed.

8    These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

13  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

14  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

15  his objections petitioner may address whether a certificate of appealability should issue in the

16  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

17  Section 2255 Cases (the district court must issue or deny a certificate of appealability when it

18  enters a final order adverse to the applicant).

19  DATED:  July 30, 2013.

20

21    EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

3